UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT AT HARTFORD

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| INTEGRITY GRAPHICS, INC | : | CASE NO. 17-21513 |
| DEBTOR | : | |
| STERLING NATIONAL BANK | : | |
| MOVANT | : | |
| VS | : | |
| INTEGRITY GRAPHICS, INC. | : | |
| BONNIE C. MANGAN, TRUSTEE | : | |
| RESPONDENTS | : | |

## STIPULATED MOTION FOR RELIEF FROM AUTOMATIC STAY

TO THE HON. JAMES J. TENCREDI, UNITED STATES BANKRUPTCY JUDGE:

1.     Integrity Graphics, Inc., the debtor herein (hereinafter referred to as the "Integrity"

and/or the "Debtor") and Sterling National Bank (hereinafter referred to as "Sterling" and/or the

"Movant"), hereby stipulate and agree that an order shall enter pursuant to 11 U.S.C. Section 362

Fed. R. Bankr. P. 4001, authorizing relief from the automatic stay to allow the Movant to enforce

its rights and remedies with respect to a Promissory Note and Security Agreement (hereinafter

referred to as the "Loan Documents") and its security interest in the following:

        One (1) used W+D Folder 1, S/N 9112;
        One (1) used W+D Folder 2, S/N 10603;
        One (1) used W+D Folder 3, S/N 10521;
        One (1) used W+D Folder 4, S/N 2298;
        One (1) used W+D Folder 1, S/N 8148;
        One (1) used PMC Diecutter, S/N FS1135;
        One (1) used Schwabe Diecutter S/N 96312;
        One (1) used Counter/Tabber, S.N HAC120; and
        One (1) used Tape Machine with Moll

(hereinafter referred to as the "equipment") upon the following conditions.

2.    An involuntary Chapter 7 petition was filed by the Petitioning Creditors, Lindenmeyr Munroe, A Division of Central National Gottesman, Inc; Case Paper Company, Inc. and Label One Corp. on October 3, 2017.

3.    This Court has jurisdiction over this matter pursuant to 11 U.S.C. Section 362.

4.    Bonnie C. Mangan has been appointed trustee of the Debtor's estate.

5.    The Debtor executed a Promissory Note in favor of Great Atlantic Capital Corporation ("GACC") dated as of June 9, 2015 in the original principal amount of $400,700.00. (Exhibit A)

6.    The Promissory Note was secured by a Security Agreement dated as of June 9, 2015. (Exhibit B).

7.    The Movant is the owner and holder of the Loan Documents by virtue of Assignment from GACC dated June 12, 2015 (Exhibit C)

8.    GACC filed a UCC-1 filing statement perfecting its security interest in the Equipment on June 12, 2015 and a UCC-3 Financing Statement Amendment reflecting the assignment to the Movant on July 21, 2015.  (Exhibit D )

9.    The Debtor failed to make the monthly payments required under the Loan Documents  and the Movant asserts that the Debtor is indebted to the Movant in the principal amount of $303,883.53 plus interest and late charges.

10.    The value of the equipment is $45,000.00.

11.    The Movant has a first priority perfected security interest in the equipment.

16808.015/684957.1

12.    The parties further acknowledge and agree that upon approval hereof, the terms and provisions of this Stipulation shall be enforceable as a duly entered order of this Court.

Wherefore, Movant and the Debtor request that the Court enter an order granting this stipulated motion, so that the Movant may take possession of the equipment.

---

THE DEBTOR,
INTEGRITY GRAPHICS, INC.

By_____
Jon P. Newton
Reid and Riege, P.C.
One Financial Plaza, 21st Floor
Hartford, CT 06103
860-278-1150
Attorney for the Debtor

THE MOVANT,
STERLING NATIONAL BANK

By_____
Richard C. Feldman (Fed. Bar #ct05931)
Evans, Feldman & Associates, LLC
P.O. Box 1694
New Haven, CT 06507-01694
203-772-4900
Attorney for the Movant

- I have read this stipulation and agree with the terms of the same as evidenced by my signature below on this 21st day of MARCh , 2018.

THE DEBTOR,
INTEGRITY GRAPHICS, INC.

By_____
Joseph E. Lavalla, President

NO OBJECTION BY THE TRUSTEE

BY_____
Bonnie C. Mangan

SO ORDERED:

16808.015/684957.1

# **<u>EXHIBIT A</u>**

## PROMISSORY NOTE

$400,700.00                                                        Dated as of: ___June 9, 2015

FOR VALUE RECEIVED, the undersigned (hereinafter called the "Debtor") promises to pay, without off-set, defense or counterclaim, to the order of GREAT ATLANTIC CAPITAL CORPORATION ("GACC") at 411 Hackensack Avenue, Hackensack, New Jersey 07601 or at such other place as may be designated in writing by the holder of this Note, the principal sum of Four Hundred Thousand Seven Hundred U. S. Dollars and 00/100 ($400,700.00) with interest thereon in sixty (60) successive monthly installments (which monthly installments are inclusive of interest) as follows:   one (1) installment in the amount of $7,728.00 (the "Advance") due upon execution of this Note, which will be applied in inverse order only against the last installment of principal and interest provided that the undersigned has not defaulted on this Note or the Security Agreement followed by fifty nine (59) monthly installments each in the amount of $7,728.00, commencing on ___July 16___, 2015 with like monthly installments being payable on a like date each month thereafter. Each monthly installment shall first be applied to interest and then in reduction of the principal.

There shall be no right of prepayment without an express written agreement signed by the parties.

The Debtor has on this date executed and delivered to GACC a Security Agreement of even date pursuant to which Debtor has granted to GACC a security interest in certain property and property rights as security for the payment of this Note (the "Security Agreement"). If the Debtor fails to pay any installment due under this Note when due or is in default under the terms of the Security Agreement or under any other instrument or agreement between GACC and the Debtor or if any representation or warranty by the Debtor to GACC, whether in any application, financial statement, the Security Agreement, or any other agreement between the Debtor and GACC is materially untrue, then and in any such event, GACC, at its option, may declare this Note and any other obligation of the Debtor to GACC immediately due and payable without notice or demand. In such event GACC shall be entitled to pursue its remedies including, without limitation, the remedies set forth in the Security Agreement.

Presentment, demand for payment, notice of dishonor and protest are hereby waived.

GACC may renew or extend this Note, release any guarantor hereof or waive or modify any provision hereof, without affecting the obligations of the Debtor.

GACC may, at its election and subject to prior exercise in its discretion of its right of acceleration, accept payment of arrears; and if any defaulted payment is more than five days in arrears, the Debtor shall pay as liquidated damages, in addition to other amounts due, a late charge equal to two percent (2%) per month of each defaulted payment so in arrears, but only to the extent permitted by law. After the expressed or declared maturity of this Note, the Debtor shall pay interest on the unpaid principal balance at two percent (2%) per month, but only to the extent permitted by law. In the event that GACC institutes an action upon this Note or under the Security Agreement, the Debtor shall pay, in addition to unpaid principal, interest and late charges, the expenses of collection incurred by GACC, including reasonable attorneys' fees.

The undersigned, if more than one, shall be jointly and severally liable hereunder.

**THIS NOTE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW JERSEY. DEBTOR HEREBY WAIVES TRIAL BY JURY IN ANY ACTION OR PROCEEDING BY OR AGAINST GACC UNDER THIS AGREEMENT.** Debtor hereby consents to the jurisdiction of the federal and state courts of New Jersey

It is understood and agreed that in no event and upon no contingency shall the Debtor be required to pay interest in excess of the rate allowed by the applicable laws. It is the intention of the parties to conform strictly to the applicable usury laws. The provisions for interest herein shall be held subject to reduction to the amount allowed under the applicable usury laws as now or hereafter construed by the courts having jurisdiction.

GACC shall have the right to fill in any blanks left in this Note or in the Security Agreement; but this Note and such Security Agreement may not be otherwise modified or discharged, in whole or in part, and no right or remedy of GACC hereunder or under any other agreement may be waived, except by written agreement signed by GACC. All rights and benefits of GACC hereunder shall inure to the benefit of the holder of this Note.

INTEGRITY GRAPHICS, INC.

(Debtor)

By: _____ President

Title: President

# **EXHIBIT B**

SECURITY AGREEMENT #2163

This AGREEMENT dated as of        June 9        , 2015, between INTEGRITY GRAPHICS, INC. ("Debtor")  a Corporation, organized under the laws of the State of Connecticut, having its principal office at 1010 Day Hill Drive, Windsor, CT 06095 and  GREAT ATLANTIC CAPITAL CORPORATION ("GACC"), a New Jersey corporation, having its principal office at 411 Hackensack Avenue, Hackensack, New Jersey 07601.

IN WITNESS WHEREOF, the undersigned have executed this Agreement as of the date written above.

1.  OBLIGATION TO PAY AND SECURITY INTEREST.  Debtor, concurrently with the execution and delivery of this Agreement, is borrowing from GACC the sum of FOUR HUNDRED THOUSAND SEVEN HUNDRED U. S. DOLLARS  and 00/100  ($400,700.00) (the "Loan") evidenced by the Debtor's promissory note bearing this date (the "Note"). Debtor, in order to secure: (i) payment of the debt evidenced by the Note, including renewals, extensions, and replacements thereof; (ii) obligations of the Debtor under this Agreement and the Note including, without limitation, any future advances by GACC for taxes, levies, insurance, and repairs to or maintenance of the Collateral and all costs and expenses incurred by GACC in collection of the Note; and (iii) any other obligation of the Debtor to GACC which is now in existence or which may hereinafter come into existence, hereby grants to GACC a security interest in the equipment described on the annexed Equipment Schedule A (the "Equipment"), together with all parts, accessories, attachments, additions, accessions, substitutions, improvements and replacements thereto or thereof and all proceeds of the foregoing, including proceeds from insurance, sale or disposition (collectively the "Collateral").

2.  WARRANTIES AND COVENANTS OF DEBTOR.  Debtor represents and warrants to GACC that: (i) it is duly organized, validly existing and in good standing under the laws of the state in which it was organized, has full power to purchase and finance the Collateral and carry on its business as now being conducted; (ii) Debtor has duly authorized the execution, delivery and performance of this Agreement, the Note and the other documents related to this transaction (the "Loan Documents"); (iii) the Loan Documents will be valid and enforceable against Debtor in accordance with their terms and will not violate nor result in any breach of any of the terms, conditions or provisions of or constitute a default under nor result in the creation of any lien, charge or encumbrance on any property or assets of the Debtor, contrary or pursuant to the terms of any indenture, mortgage, deed of trust or other agreement or of any existing law, regulation or order of any court or administrative agency by which the Debtor is bound or subject to; (iv) there are no pending or threatened actions or proceedings before any court or administrative agency that could have a material adverse effect on Debtor; (v) the Loan Documents and other information furnished and to be furnished to GACC is and will be correct and complete and the financing statements, when properly filed, will afford GACC a valid and perfected first security interest in the Collateral; (vi) the Collateral is lawfully owned by the Debtor, and is now and will continue to be free and clear of all other liens, encumbrances and security interests, and Debtor will defend title to the Collateral against the demands and claims of others; (vii) the Collateral shall be retained in Debtor's possession at the location designated on Schedule A annexed hereto; (viii) the Collateral is and will remain personal property and will be used only for business and commercial purposes; (ix) Debtor will keep the Collateral free and clear of any liens, charges, encumbrances or claims of the owner or owners of any interest in the real estate on which it is located and any purchaser of or present or future creditor obtaining a lien on such real estate, and will obtain and deliver to GACC, upon GACC's request, a waiver of any such liens or claims as to the Collateral and a consent to remove the Collateral in recordable form satisfactory to GACC; (x) Debtor will not modify the Collateral without GACC's prior written consent; (xi) Debtor will pay promptly, when due, all taxes, assessments, license fees and similar charges ("Taxation") on the Collateral or its use or operation or imposed on GACC for amounts received pursuant to this Agreement or the Note other than United States Federal income taxes paid by GACC on its net income; (xii) Debtor has not granted, and will not grant, to anyone other than GACC any security interest in the Collateral, and, except for the Financing Statements in favor of GACC, no financing statement or other instrument affecting the Collateral, or rights therein, will be on file in any public filing office without obtaining GACC's prior written consent; (xiii) the proceeds advanced by GACC pursuant to this Agreement shall be used solely to acquire the Equipment and Debtor authorizes GACC to remit the proceeds directly to the seller; (xiv) Debtor shall execute and deliver any financing statement or other document and do such things as GACC may at any time and from time to time reasonably request or as may be necessary or appropriate to establish and maintain a perfected security interest in the Collateral; and (xv) Debtor hereby constitutes and appoints GACC its true and lawful attorney-in-fact to execute and deliver any financing statement or other document which may be required to establish and maintain GACC's security interest in the Collateral.

3.  DISCLAIMER OF WARRANTIES BY GACC AND WAIVER OF INDIRECT DAMAGES AND DEFENSES.  (I)  DEBTOR ACKNOWLEDGES AND AGREES THAT GACC MAKES NO REPRESENTATION OR WARRANTY OR COVENANT WITH RESPECT TO FITNESS FOR USE, MERCHANTABILITY, CONDITION, QUALITY, DESIGN, DURABILITY OR SUITABILITY OF THE COLLATERAL IN ANY RESPECT OR IN CONNECTION WITH, OR FOR THE PURPOSES AND USES OF THE DEBTOR, OR ANY OTHER REPRESENTATION OR WARRANTY OR COVENANT OF ANY KIND OR CHARACTER, EXPRESS OR IMPLIED; and (ii)  Debtor's obligation to make the payments under this Agreement and the Note shall be absolute and unconditional. Debtor shall not be entitled to any reduction or set-off against such payment, nor, except as otherwise expressly provided herein, shall this Security Agreement terminate, or the obligations of Debtor be otherwise affected by reason of any defect in, lack of fitness for use of, damage to, loss of possession or use of the Collateral, or for any other cause.  IN NO EVENT, WHETHER ARISING OUT OF BREACH OF THIS AGREEMENT OR OTHERWISE, SHALL GACC BE LIABLE TO DEBTOR, ITS OFFICERS, EMPLOYEES OR REPRESENTATIVES, OR TO ANY THIRD PARTY, FOR ANY DIRECT, INDIRECT, SPECIAL, CONSEQUENTIAL OR INCIDENTAL DAMAGES.

4.  INSURANCE AND INDEMNIFICATION.        Debtor shall, at its sole cost and expense, keep the Collateral insured against all risks of physical loss or damage including loss by fire, theft, wind and explosion with extended coverage for not less than the greater of the indebtedness or the Collateral's full replacement cost and that it will carry personal injury liability and property damage liability insurance in such amounts and covering such risks as GACC may reasonably require.  All said insurance shall be in form and with companies satisfactory to GACC. The loss shall be payable to GACC or its assignee and the Debtor as their interests may appear and GACC or its assignee shall be named as an additional insured under all liability insurance policies.  Such policies shall provide that no less than thirty (30) days notice shall be given by the insurance company to GACC or its assignee prior to any cancellation or alteration of the policies and that the coverage afforded shall not be impaired or invalidated against GACC or its assignee on account of any breach of condition or warranty contained in any policy or application therefor by the Debtor or any reason of any action or inaction of the Debtor. The insurance policies and all renewals thereof, or Certificates in lieu thereof, shall be promptly delivered by the Debtor to GACC and shall be held by GACC until the indebtedness secured hereby is paid. Debtor hereby assigns to GACC all monies which may become payable under such insurance including the return of any unearned premiums, and directs any insurer to make payment directly to GACC and authorizes GACC to apply such monies in payment against the indebtedness secured hereby and the obligations contained herein and to remit any excess to the Debtor. If the payments hereunder are accelerated due to destruction of the Collateral, the indebtedness hereunder shall be the liquidated damages amount set forth in Section 7(b). If the Collateral is damaged but not totally destroyed, and the loss is covered by insurance, all such insurance proceeds shall be made available by GACC either to be applied to the repair and/or replacement of such damage to the Collateral, provided Debtor is not in default of its obligations hereunder, or in the payment of any of the indebtedness secured hereby and provided further than GACC receives such assurances as it may in its sole discretion require that (i) such proceeds will be utilized for such repair or replacement and that the Debtor has advanced such sums as may be required for the repair or replacement to the extent that the insurance proceeds are insufficient therefore; (ii) all replacements shall be of the same or a later model than the item replaced and all repairs will be of first class workmanship and (iii) the Collateral will be free of mechanics' liens and title to replacements will vest in Debtor free of liens and encumbrances except for the first security interest of GACC therein. Any excess insurance proceeds shall be applied against the indebtedness secured hereby and the obligations contained herein. Debtor hereby constitutes and appoints GACC as its attorney-in-fact to endorse any draft, make any claim under such insurance and execute any proof of claim and to do all other things necessary and required to effect a settlement under any insurance policies. In the event of a failure by Debtor to procure and maintain such insurance, GACC is hereby authorized and empowered (but not obligated) to do so and the premiums paid for same shall be a lien against the Collateral, added to the amount of the indebtedness secured hereby and payable on demand with interest at the lesser of two percent (2%) per month or the maximum legal rate.  Debtor shall defend, indemnify and save harmless GACC and its successors and assigns from and against any and all claims, causes of action, damages, liability, costs or expenses (including reasonable

to such assignee and any successor assignee. Debtor agrees to execute such documents as may be reasonably requested by GACC to evidence Debtor's consent to such assignment.

7. **EVENTS OF DEFAULT AND REMEDIES** . (a) Events of Default. Debtor shall be in default under this Agreement and the Note upon the happening of any of the following ("Event of Default"): (i) failure to make any payment under the Note or this Agreement when due; (ii) failure to maintain in force the required insurance; (iii) if Debtor shall fail to perform or comply with any term, covenant, or condition of this Agreement or of the Note and any such failure shall continue for a period of five (5) days after written notice to the Debtor; (iv) if any representation, warranty or statement made by the Debtor herein, or made by the Debtor in any statement or certificate furnished by the Debtor in connection with this Agreement or the Note proves untrue or incomplete in any material respect; (v) Debtor or any Guarantor of Debtor's obligations hereunder dies, becomes insolvent or admits in writing its inability to pay its debts as they may mature, enters into negotiations with any creditors with regard to a composition or rescheduling of any material portion of its debt or makes an assignment for the benefit of creditors; (vi) Debtor applies for or consents to the appointment of a trustee or receiver or a trustee or receiver is appointed for the Debtor or for the major part of its property and is not discharged within thirty (30) days after such appointment; (vii) Bankruptcy, reorganization, arrangements, insolvency or liquidation proceedings, or other proceedings for relief under any bankruptcy law or similar law for the relief of debtors, are instituted by or against the Debtor or any Guarantor of the Debtor's obligations hereunder, and if instituted against the Debtor or any Guarantor are allowed against the Debtor or any Guarantor, or are consented to or are not dismissed within thirty (30) days thereafter; (viii) a default shall occur under any other security agreement, lease, note, credit or other agreement between the Debtor or any of its affiliates, on the one hand, and GACC, or any of its affiliates, on the other. "Affiliate" for this purpose shall mean any corporation or other entity controlling, controlled by or under common control with GACC or the Debtor, as the case may be; (ix) Debtor's failure to meet other obligations as they become due including, but not limited to, trade, taxes and borrowing obligations; (x) termination, liquidation, sale or cessation of Debtor's business; (xi) change in the condition of Debtor's business affairs which, in the reasonable judgment of GACC, impairs Debtor's interest in the Collateral; (xii) if voting control of Debtor is transferred to a person not presently an owner of Debtor without GACC's consent; (xiii) a default shall occur under any guaranty of the Debtor's obligations hereunder; (b) Remedies. Upon the occurrence of an Event of Default, GACC shall be entitled to pursue any and all available remedies cumulatively, including without limitation to recover immediately as liquidated damages for loss of a bargain and not as a penalty, an amount equal to all sums due under the Note or hereunder to the date of acceleration including late charges, plus all monies due or to become due until the maturity date, discounted to present value using a rate of three (3%) percent per annum and computed pursuant to a generally accepted actuarial method. Without limiting the foregoing, GACC may, at its option, declare the Loan and all other obligations then owing by the Debtor to GACC immediately due and payable and GACC shall have the rights and remedies of a secured party under the Uniform Commercial Code and other applicable laws of the State of New Jersey, and it shall then be lawful, and GACC is hereby authorized and empowered, with the aid and assistance of any person or persons to enter any premises where the Collateral or any part thereof may be situated and to disassemble and/or remove and/or to render same unusable and to sell or dispose of such Collateral at one or more public or private sales. The proceeds of each such sale shall be applied by GACC toward the payment of expenses of retaking, including transportation, storage, refurbishing, preparing for such sale, advertising, selling and all related charges and disbursements in connection therewith and the indebtedness and interest secured hereby. Should the proceeds of any such sale be insufficient to fully pay all the items above mentioned, Debtor hereby covenants and agrees to pay any deficiency to GACC. If GACC employs counsel for the purpose of effecting collection of any monies due hereunder, recovering the Collateral, or protecting GACC's interest because of any default of Debtor, Debtor agrees to pay reasonable attorneys' fees and such attorneys' fees shall be a lien on the Collateral herein and the proceeds thereof. GACC may require Debtor to assemble the Collateral and make it available to GACC at a place to be designated by GACC which is reasonably convenient to both parties.

8. **ADDITIONAL SECURITY**: As additional security for the Debtor's obligations under the Loan Documents and any other obligation of the Debtor to GACC, Debtor hereby (i) grants to GACC a security interest in all machinery and equipment covered by any other lease, security agreement or conditional sales contract (collectively the "Contracts") between the Debtor and GACC whether such Contracts are now in existence or may hereafter come into existence; and (ii) provides GACC with Collateral Security as defined and as provided for in the Collateral Rider, if any attached hereto. Debtor hereby assigns to GACC all of its right, title and interest in and to any surplus money to which Debtor may be entitled upon a sale of machinery or equipment covered by the Contracts.

9. **FURTHER ASSURANCES**. Debtor agrees to execute and deliver all such documents and to perform all such acts which may be contemplated by or reasonably necessary to implement this transaction. In the event of the Debtor's non-compliance with any of its obligations under this Agreement, GACC shall have the right (but not the obligation) to perform such obligations. Any amounts expended by GACC in performing obligations on behalf of the Debtor shall be a lien against the Collateral and added to the amount of the indebtedness secured hereby and payable upon demand with interest at the rate of two percent (2%) per month or the maximum legal rate. For the duration of the Loan Documents, Debtor shall furnish GACC with annually updated financial statements by an independent certified accountant reasonably acceptable to GACC within (90) days of the close of its fiscal year and with such other information as GACC may reasonably request. Neither GACC nor its agents shall be liable for any acts or omissions hereunder nor for any error of judgment or mistake of fact or law.

10. **JURISDICTION, GOVERNING LAW AND JURY WAIVER.** THIS AGREEMENT SHALL BE GOVERNED AND INTERPRETED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW JERSEY. The parties agree that all claims and disputes arising out of or in connection with this Agreement and the Note may be adjudicated in the federal or state courts of New Jersey. Debtor hereby consents to the jurisdiction of the federal and state courts of New Jersey. DEBTOR HEREBY WAIVES TRIAL BY JURY IN ANY ACTION OR PROCEEDING BY OR AGAINST GACC UNDER THIS AGREEMENT OR THE NOTE.

11. **MISCELLANEOUS.** The Loan Documents constitute the entire agreement between the parties with respect to the Collateral, and supersede all prior oral or written understandings. The Loan Documents may not be amended or supplemented except by a written instrument executed by both parties. If any provision of the Loan Documents or any remedy therein provided for is invalid under any applicable law, such provision shall be inapplicable and deemed omitted but the remaining provisions thereof, shall be given effect in accordance with the manifest intent thereof. The parties agree that any rule of construction to the effect that ambiguities are to be construed against the drafting party shall be inapplicable to this transaction. The provisions of this Agreement shall be binding upon and inure to the benefit of both parties and their respective successors and permitted assigns. Any delay or failure by GACC to exercise any right under the Loan Documents shall not constitute a waiver of that right or any other right. A waiver of default shall not be a waiver of any other or subsequent default. All notices or other communications required by the Loan Documents shall be in writing and sent (by certified mail return receipt requested or recognized overnight courier) to the other party at the address first written above or to such changed address as either party may give the other notice of in writing. Headings in this Agreement are for convenience only and shall not be used to interpret or construe its provisions. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF the parties have executed this Agreement as of the day and year first above written.

Attest/witness:

GREAT ATLANTIC CAPITAL CORPORATION

By:

INTEGRITY GRAPHICS, INC.

X

Page 1  of  1 Page

## EQUIPMENT SCHEDULE A

ATTACHED TO AND MADE A PART OF THE SECURITY AGREEMENT BETWEEN GREAT ATLANTIC
CAPITAL CORPORATION ("GACC") AND INTEGRITY GRAPHICS, INC. AS DEBTOR
DATED _____ June 9 _____, 2015

Equipment Located At:  1010 Day Hill Drive, Windsor, CT 06095

Equipment Description:

One (1) used W+D Folder 1, S/N 9112,
One (1) used W+D Folder 2, S/N 10603,
One (1) used W+D Folder 3, S/N 10521,
One (1) used W+D Folder 4, S/N 2298,
One (1) used W+D Folder 5, S/N 8148,
One (1) used PMC Diecutter, S/N FS1135,
One (1) used Schwabe Diecutter, S/N 96312;
One (1) used Counter/Tabber, S/N HAC120;
One (1) used Tape Machine with Moll;

complete with all standard and accessory equipment, all attachments, accessories, additions, improvements and replacements thereto
and therefore and all proceeds, including insurance proceeds, thereof and therefrom.

INTEGRITY GRAPHICS, INC. (Debtor)                    GREAT ATLANTIC CAPITAL CORPORATION
                                                                                              (GACC)
By: _____         By: _____
                                          Title                                                        Title

# EXHIBIT C

**Assignment of Promissory Note and Security Agreement #2163**
**NON RECOURSE**

For Value Received the undersigned ("Creditor") hereby sells, assigns and transfers to Sterling National Bank ("Bank") all of its right, title and interest in and to (a) Promissory Note and Security Agreement # 2163
collectively the "Agreement"), dated June 9, 2015 between the Creditor and Integrity Graphics, Inc. as Debtor and all riders, exhibits and amendments and all other documents related thereto (collectively the "Agreement") and all sums due thereunder commencing with the payment due July 16, 2015 (b) all contracts of guaranty or surety (collectively the "Guaranty"), vendor or manufacturer agreements and all other instruments, and documents related to the Agreement and (c) the property described in the Agreement (the "Property") and all other collateral described in the Agreement.

This Assignment is made without recourse but Bank is relying upon the following representations and warranties in accepting this Assignment.

CREDITOR CONFIRMS THAT THE EQUIPMENT WILL BE USED SOLELY FOR COMMERCIAL OR BUSINESS PURPOSES AND NOT FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES.

Creditor represents, warrants and agrees as to said Agreement that Creditor has good title thereto and the right to sell and transfer the same; it is a valid obligation arising out of a bona fide agreement with the Debtor of the property described therein and was entered into between the parties in the ordinary course of business; all of the originals of the Agreement have been delivered to Bank. No representations, warranties or inducements not contained in the Agreement have been made or given and there is not in existence any agreement or understanding, written or oral, between Creditor and Debtor not disclosed to Bank. Creditor has a valid and perfected first priority security interest in the Property.

Creditor warrants that the Agreement and the Guaranty(s) are the only instruments executed in respect to the Property or transaction described therein and further warrants that the obligations evidenced by the Agreement and the Guaranty(s) are unconditionally due and payable in accordance with their terms, free from claims, defenses, set-offs or counterclaims of any kind whatsoever. All descriptions of the Property contained in the Agreement are true, accurate and complete. The Property was delivered and has been installed and accepted by the Debtor and is located at the address indicated in the Agreement. The Property is insured against loss or damage by fire and all other hazards normally included in standard extended insurance coverage, as provided for in the Agreement and the Bank is designated as both the loss payee and as an additional insured on such insurance. The persons executing the Agreement and the Guaranty(s) have legal capacity to do so; such execution is in conformity with all applicable laws and such signatures are the genuine signatures of persons having capacity to so sign and the Agreement and Guaranty(s) have been duly authorized, executed and delivered by the respective parties, are in full force and effect and constitute the legal, valid and binding obligations of all parties thereto, enforceable in accordance with their terms.

To the best of Creditor's knowledge, information and belief, all of the financial and other information that Creditor has submitted to Bank concerning the Debtor and any Guarantors is accurate and correct in all respects and Creditor does not know of any facts or circumstances concerning the Debtor which Creditor has not disclosed to Bank. Also, during the term of any agreement, Creditor shall promptly advise Bank of any matter which may be detrimental to a Debtor's financial condition, business status or any information relevant to the financial condition of the Debtor, and shall forward to Bank any financial statements of Debtor received by Creditor.

$455,952.00 payable in fifty nine (59) successive monthly payments as follows: 59@ $7,728.00 monthly payments with the first payment due Bank on July 16, 2015.

In the event the remaining payments are of unequal amounts, quarterly or otherwise scheduled, then a schedule of payments marked Exhibit A is annexed hereto and made a part hereof.

Creditor has full power, authority and right to execute this assignment and to perform its obligations hereunder including the transfer to Bank of all its rights evidenced by the Agreement. Any and all corporate action necessary to permit and authorize the execution of this Assignment and the terms and provisions hereof, has been properly taken. Creditor acknowledges that it will have no authority to, and will not, accept payment of any sums due under the Agreement, repossess or consent to the return of the Property or modify the terms of the Agreement in any way. Bank in its sole discretion may extend or modify the Agreement in whole or in part and may enter into compromises or arrangements with the Debtor or the Guarantor(s) and may retake, repossess or sell the Property and such actions by the Bank will in no way serve to release Creditor from its obligations hereunder. Bank may take or refrain from taking any action against any person or persons or the Property without exonerating Creditor from any liability or obligation under this Assignment.

In the event that Creditor breaches any of the foregoing representations, warranties, and agreements either contained herein or in any other agreement between Bank and Creditor, Creditor hereby agrees to promptly repurchase the Agreement for an amount equal to the net unpaid balance due to Bank together with all costs incurred by Bank. Bank will then have full and absolute recourse against Creditor for all amounts due and unpaid on said Agreement without first requiring Bank to proceed against Debtor or the Guarantors, if any, or the equipment or other collateral and Creditor's assignment shall thereupon be an assignment with full recourse to Creditor.

This Assignment shall be governed and construed in accordance with the laws of the State of New York and none of the terms hereof shall be modified in whole or in part, or discharged except in writing signed by an officer of Bank. Creditor hereby waives notice of acceptance hereof, presentment for payment, notice of protest or dishonor, notice of default or non payment and notices of every kind and nature with respect to the Agreement and any obligations given in connection therewith.

IN WITNESS WHEREOF Creditor hereby sets its hand and seal this 12th day of June , 2015.


Seal                                        Creditor: Great Atlantic Capital Corporation

                                            BY: _____

# **EXHIBIT D**

# Online Report



**SECRETARY OF THE STATE OF CONNECTICUT**
**UCC-1 FINANCING STATEMENT**

```
FILING #0003060813   PG 1 OF 3
     VOL  00555   PAGE  2346
FILED ON 06/12/2015 09:17 AM
   SECRETARY OF THE STATE OF
          CONNECTICUT
```

**1. DEBTOR NAMES AND ADDRESSES:**

BUSINESS NAME : INTEGRITY GRAPHICS, INC.
ADDRESS1 : 1010 DAY HILL ROAD
ADDRESS2 :
ADDRESS3 :
CITY/STATE/ZIP : WINDSOR , CT  06095
COUNTRY :

**2. SECURED PARTY NAMES AND ADDRESSES:**

BUSINESS NAME : GREAT ATLANTIC CAPITAL CORPORATION
ADDRESS1 : 411 HACKENSACK AVENUE
ADDRESS2 :
ADDRESS3 :
CITY/STATE/ZIP : HACKENSACK , NJ  07601
COUNTRY :

**3. ASSIGNOR NAMES AND ADDRESSES:**

NONE

```
FILING #0003060813   PG 3 OF 3
     VOL  00555   PAGE  2348
   FILED ON 06/12/2015 09:17 AM
SECRETARY OF THE STATE OF CONNECTICUT
```

5. ALTERNATIVE DESIGNATION (if applicable) :

☐ LESSEE/LESSOR
☐ CONSIGNEE/CONSIGNOR
☐ BAILEE/BAILOR
☐ SELLER/BUYER
■ NONE

6. DEBTOR IS (if applicable) :

☐ TRUST
☐ TRUSTEE ACTING WITH RESPECT TO PROPERTY HELD IN TRUST
☐ DESCENDANT'S ESTATE
■ NONE

7. Check only if applicable :

☐ Debtor is a TRANSMITTING UTILITY
☐ Filed in connection with Public Finance Transaction
■ NONE

8. OPTIONAL FILER REFERENCE DATA :

****** END ******

UNITED STREET
P.O. BOX 150470
Hartford, CT 06115-0470

## Online UCC Filing Confirmation Receipt

| | | | |
|---|---|---|---|
| Type of Request: | ORIGINAL FINANCING STATEMENT | Payment Received: | $50.00 |
| Request Date/Time: | 06/12/2015 09:17 AM | UCC Filing Number: | 0003060813 |

## Payment Receipt

| | | | |
|---|---|---|---|
| Credit Card #: | ************8713 | Authorization #: | 25933B |
| Customer Account: | 002630880 | Billing Date/Time: | 06/12/2015 09:17 AM |
| Billing Amount: | $50.00 | | |

Note: You can verify the filing details from the CONCORD website http://www.concord-sots.ct.gov by clicking the UCC inquiry link and searching on the above mentioned filing number.

MAILING ADDRESS: COMMERCIAL RECORDING DIVISION, CONNECTICUT SECRETARY OF THE STATE, P.O. BOX 150470, HARTFORD, CT 06115-0470

DELIVERY ADDRESS: COMMERCIAL RECORDING DIVISION, CONNECTICUT SECRETARY OF THE STATE, 30 TRINITY STREET, HARTFORD, CT 06106

PHONE: 860-509-6002          WEBSITE: www.concord-sots.ct.gov

# STATE OF CONNECTICUT
# UCC-3 FINANCING
# STATEMENT AMENDMENT

*USE INK. COMPLETE ALL SECTIONS. PRINT OR TYPE. ATTACH 81/2 X 11 SHEETS IF NECESSARY.*

| FILING PARTY *(CONFIRMATION WILL BE SENT TO THIS ADDRESS)*: | **FILING FEE: $50** |
|---|---|
| CUSTOMER ID: | *MAKE CHECKS PAYABLE TO "SECRETARY OF THE STATE"* |
| NAME:     GREAT ATLANTIC CAPITAL CORPORATION | |
| ADDRESS:     411 Hackensack Avenue | |
| CITY:     Hackensack | |
| STATE:     NJ          ZIP:     07601 | |
| EMAIL:     lindak@greatatlanticcapital.com | |

**1. INITIAL FINANCING STATEMENT FILE #**

   0003060813

**2.**

☐ TERMINATION: EFFECTIVENESS OF THE FINANCING STATEMENT IDENTIFIED ABOVE IS TERMINATED WITH RESPECT TO SECURITY INTEREST(S) OF THE SECURED PARTY AUTHORIZING THIS TERMINATION STATEMENT.

**3.**

☐ CONTINUATION: EFFECTIVENESS OF THE FINANCING STATEMENT IDENTIFIED ABOVE WITH RESPECT TO SECURITY INTEREST(S) OF THE SECURED PARTY AUTHORIZING THIS CONTINUATION STATEMENT IS CONTINUED FOR THE ADDITIONAL PERIOD PROVIDED BY APPLICABLE LAW.

**4.**

☑ ASSIGNMENT (FULL OR PARTIAL): GIVE NAME OF ASSIGNEE IN ITEM 7A OR 7B AND ADDRESS OF ASSIGNEE IN ITEM 7C; AND ALSO GIVE NAME OF ASSIGNOR IN ITEM 9. FOR PARTIAL ASSIGNMENTS COMPLETE 7 AND 9 AS STATED AND ALSO INDICATED AFFECTED COLLATERAL IN ITEM 8.

**5. PARTY INFORMATION CHANGE / AMENDMENT:** *(CHECK ONLY ONE OF THESE TWO BOXES).*

**THIS CHANGE AFFECTS:**

☐ DEBTOR
                    OR

☐ SECURED PARTY OF RECORD

AND CHECK ONE OF THE FOLLOWING BOXES AND PROVIDE APPROPRIATE INFORMATION IN ITEMS 6 AND/OR 7.

☐ CHANGE NAME AND/OR ADDRESS: GIVE CURRENT RECORD NAME IN ITEM 6A OR 6B; ALSO GIVE NEW NAME (IF NAME CHANGE) IN ITEM 7A OR 7B AND/OR NEW ADDRESS (IF ADDRESS CHANGE) IN ITEM 7C.

☐ DELETE NAME: GIVE RECORD NAME TO BE DELETED IN ITEM 6A OR 6B.

☐ ADD NAME: COMPLETE ITEM 7A OR 7B.

**6. CURRENT RECORD INFORMATION**

| | 6A. ORGANIZATION'S NAME | | |
|---|---|---|---|
| OR | 6B. INDIVIDUAL'S | | |
| | SURNAME | | |
| | FIRST PERSONAL NAME | MIDDLE | SUFFIX |

FORM UMA 4 4 4

| 7A. ORGANIZATION'S NAME | | |
|---|---|---|
| STERLING NATIONAL BANK | | |

**OR**

| 7B. INDIVIDUAL'S | | |
|---|---|---|
| SURNAME | | |
| FIRST PERSONAL NAME | MIDDLE | SUFFIX |

**7C. MAILING ADDRESS:**

ADDRESS:  500 7th Ave., 3rd Fl.

CITY:  New York

STATE:  NY   ZIP:  10018   COUNTRY:  USA

**8. COLLATERAL CHANGE / AMENDMENT:** *(CHECK ONLY ONE BOX).*

☐ DELETE COLLATERAL    ☐ ADD COLLATERAL

☐ RESTATE COVERED COLLATERAL    ☑ ASSIGN COLLATERAL

**INDICATE COLLATERAL DESCRIPTION:**

All collateral as per original filing

**9. NAME OF PARTY OF RECORD AUTHORIZING THIS AMENDMENT (NAME OF ASSIGNOR, IF THIS IS AN ASSIGNMENT).** IF THIS IS AN AMENDMENT AUTHORIZED BY A DEBTOR, CHECK HERE ☐ AND ENTER NAME OF DEBTOR AUTHORIZING THIS AMENDMENT.

| 9A. ORGANIZATION'S NAME | | |
|---|---|---|
| GREAT ATLANTIC CAPITAL CORPORATION | | |

**OR**

| 9B. INDIVIDUAL'S | | |
|---|---|---|
| SURNAME | | |
| FIRST PERSONAL NAME | MIDDLE | SUFFIX |

**10. OPTIONAL FILER REFERENCE DATA:**

INTEGRITY GRAPHICS, INC. #2163

FORM UMA 1.1