**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
HARTFORD

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| INTEGRITY GRAPHICS, INC., | : | CASE NO.  17-21513 (JJT) |
| | : | |
| DEBTOR. | : | |
| | : | |
| EXCELSIOR INTEGRATED, INC., | : | |
| | : | |
| MOVANT, | : | |
| | : | |
| and | : | |
| | : | |
| BONNIE C. MANGAN, TRUSTEE, | : | |
| | : | |
| RESPONDENT. | : | |

STIPULATED MOTION FOR RELIEF FROM AUTOMATIC STAY

TO THE HON. JAMES J. TENCREDI, UNITED STATES BANKRUPTCY JUDGE:

Excelsior Integrated, Inc. ("Excelsior") and Attorney Bonnie C. Mangan, duly appointed

Chapter 7 trustee in the case captioned above (the "Trustee"), hereby stipulate and agree that an

order shall enter pursuant to 11 U.S.C. Section 362 and Fed. R. Bankr. P. 4001, authorizing relief

from the automatic stay solely to allow Excelsior to continue defending a motion to dismiss filed

by GHP Media, Inc. ("GHP") in the case captioned *Excelsior Integrated, Inc. v. Integrity*

*Graphics, Inc. and GHP Media, Inc.*, Civil Action No. 1776CV00205 (the "Excelsior Action"),

pending in the Trial Court of the Commonwealth of Massachusetts, Superior Court Department,

Berkshire County (the "Massachusetts Court"), based upon the following:

1.      This Court has jurisdiction over this matter pursuant to 11 U.S.C. Section 362.

2.      On August 28, 2017, Excelsior filed the Complaint in the Massachusetts Court,

commencing the Excelsior Action, against Defendants Integrity Graphics, Inc., the Debtor in the

above-captioned case, and GHP, which purchased substantially all of the assets of the Debtor

from People's United Bank in a secured party sale which closed on or about July 7, 2017.

3.      On September 26, 2017, Excelsior filed a First Amended Complaint in the Excelsior Action.  The First Amended Complaint asserted causes of action against the Debtor and GHP for (a) breach of a Consulting Agreement between Excelsior and the Debtor, which Excelsior alleges that GHP assumed in connection with its purchase of the Debtor's assets, and (b) successor liability against GHP for the Debtor's obligations under the Consulting Agreement.

4.      On October 3, 2017, an involuntary Chapter 7 bankruptcy petition was filed against the Debtor by the Petitioning Creditors, Lindenmeyr Munroe, A Division of Central National Gottesman, Inc; Case Paper Company, Inc., and Label One Corp. An order for relief entered on October 31, 2017. Prior to the petition date, and since the commencement of the case the Debtor had not responded to the First Amended Complaint, and Excelsior did not take any action to default the Debtor or otherwise proceed against the Debtor in the Excelsior Action.

5.      On November 1, 2017, GHP filed a motion in the Excelsior Action seeking dismissal of Excelsior's claims against GHP, on grounds including failure to state a claim upon which relief may be granted, lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to allege fraud with particularity.

6.      On December 21, 2017, GHP filed in the Excelsior Action a supplemental memorandum in support of its motion to dismiss, asserting that Excelsior's cause of action for successor liability is property of the estate in the case captioned above.

7.      As of the filing of this motion, GHP's motion to dismiss is pending in the Massachusetts Court, and is scheduled for hearing on April 10, 2018.

8.      Attorney Bonnie C. Mangan has been appointed trustee of the Debtor's estate.

9.      Excelsior and the Trustee have agreed, subject to this Court's approval, to a limited lifting of the automatic stay for the sole purpose of allowing Excelsior to defend against GHP's motion to dismiss the claims in the Excelsior Action.

10.     Excelsior does not concede that the successor liability claim is necessarily property of the bankruptcy estate, as GHP asserts.  Excelsior and the Trustee have agreed to reserve for future discussion (and determination by this Court if necessary) the question of whether the successor liability claim against GHP is property of the bankruptcy estate.

11.     Upon approval hereof, the terms and provisions of this Stipulation shall be enforceable as a duly entered order of this Court.

Wherefore, Excelsior and the Trustee request that the Court enter an order granting this stipulated motion, so that Excelsior can defend against GHP's motion to dismiss in the Excelsior Action.

Respectfully submitted,

EXCELSIOR INTEGRATED, INC.          BONNIE C. MANGAN, TRUSTEE


By: _/s/ Christopher M. Hennessey_____          ___/s/ Bonnie C. Mangan_
Christopher M. Hennessey
Cohen Kinne Valicenti & Cook LLP
28 North Street, 3rd Floor
Pittsfield, MA  01201
(413) 443-9399
chennessey@cohenkinne.com


SO ORDERED: