**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| | ) | CASE NO. 17-21513 (JJT) |
| INTEGRITY GRAPHICS, INC., | ) | |
| | ) | |
| DEBTOR. | ) | |
| | ) | |
| BONNIE C. MANGAN, Chapter 7 Trustee for INTEGRITY GRAPHICS, INC., | ) ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. No. 19-02027 |
| | ) | |
| v. | ) | |
| | ) | |
| PEOPLE'S UNITED BANK, N.A., GHP MEDIA INC. AND JOSEPH LAVALLA, | ) ) | |
| | ) | |
| Defendants. | ) | |

### MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Bonnie C. Mangan, Chapter 7 Trustee (the "Trustee") for Integrity Graphics, Inc. (the "Debtor"), by and through her undersigned counsel, hereby respectfully submits this Motion for Approval of Settlement Agreement (the "Motion") for an order, pursuant to Federal Rule of Bankruptcy Procedure 9019(a), approving the proposed settlement (the "Settlement") between the Trustee, M&T Bank (successor by merger to People's United Bank, N.A.) (the "Bank"), GHP Media Inc. ("GHP"), and Joseph Lavalla ("LaValla"). The Bank, GHP, and Lavalla are referred to collectively herein as the "Settling Defendants."

In support thereof, the Trustee represents as follows:

### BACKGROUND

1.     On October 3, 2017, (the "Petition Date") an Involuntary Petition was filed against the Debtor under Chapter 7 of the United States Bankruptcy Code.

2. On October 31, 2017, the Court issued an Order for Relief under Chapter 7 of the United States Bankruptcy Code, and the Trustee was appointed Chapter 7 Trustee of the Debtor.

3. The Trustee has investigated and pursued certain allegedly avoidable transfers of the Debtor's property, including those transfers that could potentially be avoided as preferential and/or fraudulent transfers.

4. In the instant Adversary Proceeding, the Trustee has alleged that, approximately three months before the Petition Date, the Debtor transferred substantially all of its assets to, or for the benefit of, one or more of the Settling Defendants in exchange for approximately $1.3 million dollars. The challenged transfers occurred pursuant to a Secured Party Sale Agreement dated July 7, 2017. The Trustee alleged that the secured party sale was not conducted in a commercially reasonable manner, that it was conducted to intentionally defraud creditors, and/or was constructively fraudulent.

5. The Settling Defendants have raised defenses to the Trustee's claims and dispute the Trustee's allegations, including, <u>inter alia</u>, claims that (1) the sale was commercially reasonable, (2) there was no intent to defraud, (3) that the Estate received reasonably adequate consideration for the transfer(s), (4) that the Bank was a good faith transferee for value, and (5) a claim for setoff relating to an unpaid loan between the Debtor and the Bank with a principal balance of at least approximately $379,000 .

6. Also in dispute is the value of the assets transferred. The Trustee alleged that the value of the assets transferred was approximately $3,324,323.81 and retained an expert witness who opined that the fair market value of the Debtor's assets was $3,697,500.

7. The Defendants claim that the Debtor's assets were worth far less due to the distressed nature of the Debtor's business. They claim that the Debtor should not be valued as a

going concern and that fair market value of the assets was significantly impaired, <u>inter alia</u>, by the inability of the Debtor to cover its operating costs, including the costs to house the equipment, collect the receivables, or finish the work-in-progress.

8. In addition, the Bank retained an expert witness who opined that, even if the Debtor was valued as a going concern, the value of the Debtor's assets was $1,946,000. The Trustee and the Bank have each raised issues with the other party's expert reports.

9. The parties engaged in a lengthy mediation before Attorney Thomas A. Gugliotti, which initially was not successful. However, the parties revisited settlement while they were preparing for trial in this matter.

10. The Trustee and the Settling Defendants have reached a settlement whereby the Settling Defendants will pay to the Debtor's Estate that sum of $175,000 (the "Settlement Amount"), with the Settling Defendants waiving any claims under section 502(h). The Bank will pay $160,000 of the Settlement Amount, while the remaining defendants will pay, in the aggregate, $15,000.

11. In order to avoid unnecessary time, expense, and the uncertainty of further litigation, the parties have decided to settle this dispute and the Trustee has determined based on her business judgment that the settlement is in the best interests of the Estate. The terms of Settlement are detailed in a separate settlement agreement, which is attached hereto as Exhibit A (the "Settlement Agreement"). A summary of the terms is set forth below.

## **SUMMARY OF SETTLEMENT TERMS**

12. Pursuant to the terms of the Settlement Agreement:

    a. The Settling Defendants, in the aggregate, shall make a one-time payment to the Trustee in the total amount of $175,000 and the Settling Defendants shall waive any 502(h) claims with respect to this amount;

    b. The Settling Defendants shall deliver the Settlement Payment to Cohn Birnbaum & Shea, P.C. ("CB&S"), as escrow agent. CB&S will deliver the Settlement Payment to the Trustee within thirty (30) days after the conditions in paragraph 1(d) of the Settlement Agreement are satisfied, the most important of which is this Court's approval of the Settlement Agreement and such order becoming final and non-appealable;

    c. The parties mutually release each other pursuant to the limited mutual releases contained in the Settlement Agreement.

## STANDARDS FOR SETTLEMENTS PURSUANT TO FED. R. BANKR. P. 9019(a)

13. Fed. R. Bankr. P. 9019(a) provides that "on motion by the trustee and after notice and a hearing, the bankruptcy court may approve a compromise or settlement." The Supreme Court has recognized that "in administering a reorganization proceeding in an economical and practical matter, it will often be wise to arrange the settlement of claims in which there are substantial and reasonable doubts." In re Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-25, 88 S. Ct. 1157, 1163, 20 L. Ed. 2d 1, 9-10 (1968). The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged. In re: Penn Central Transportation Co., 596 F.2d 1002 (3d Cir. 1979).

14. Approval of a proposed settlement is within the "sound discretion" of the bankruptcy court. In re Neshaminy Office Buildings Associates, 62 B.R. 798, 803 (E.D. Pa. 1986).

The court must determine whether the proposed settlement is in the "best interests of the estate." See In the Matter of Energy Cooperative, Inc., 886 F.2d 921, 927 (7th Cir. 1989). In determining whether to approve a compromise, the bankruptcy court should apprise itself "of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process, in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation." TMT Trailer Ferry, Inc., 390 U.S. at 424-25.

15. The bankruptcy court should consider five factors in striking the balance between the value of the compromise and the value of the claim: 1) the probability of success in the litigation; 2) the likely difficulties in collection; 3) the complexity of the litigation; 4) the expense, inconvenience and delay necessarily attending it; and, 5) the paramount interest of the creditors. In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 292 (2d Cir. 1992), cert. dismissed, 506 U.S. 1088, 113 S. Ct. 1070, 122 L. Ed. 2d 497 (1993). The court should not substitute its judgment for that of a trustee. Neshaminy Office Building Associates, 62 B.R. at 803. The court is not to decide the numerous questions of law or fact raised by litigation, but rather should canvas the issues to see whether the settlement falls below the lowest point in the range of reasonableness. In re W.T. Grant and Co. 699 F.2d 599, 608 (2d Cir. 1983), cert. denied, 464 U.S. 22 (1983). In addition, "because the bankruptcy judge is unequally situated to consider the equities and reasonableness of a particular compromise, approval or denial of a compromise will not be

disturbed on appeal absent a clear abuse of discretion." Neshaminy Office Building Associates, 62 B.R. at 803 (citing, In re Patel, 43 B.R. 500, 505 (N.D. Ill. 1984).

16.     In the Trustee's judgment, this settlement is in the best interests of the Estate and permits the Estate to avoid the risks and expenses associated with litigation, which could be extensive. The Settling Defendants have raised a number of defenses to the Trustee's claims. The Trustee believes that it would best serve the interests of the Estate to settle all claims between the Estate and the Settling Defendants without incurring any additional expenses related to the prosecution of this adversary proceeding. Significantly, the proposed settlement will allow the Trustee to make a meaningful distribution to the Debtor's creditors, free of the claims of the Settling Defendants.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter the annexed Order to approve the proposed settlement pursuant to Fed. R. Bankr. P. 9019(a), authorize the Trustee to enter into the Settlement Agreement, and grant such other and further relief as the Court shall deem just and proper.

Dated at Trumbull, Connecticut, this 14th day of August, 2024.

              THE TRUSTEE,
              BONNIE C. MANGAN


              By:/s/ David C. Shufrin
                David C. Shufrin, Esq. [ct29230]
                SHUFRIN LAW GROUP, LLC
                72 Marinier Circle
                Trumbull, CT 06611
                Tel: 203-307-5001
                David@shufrinlaw.com