## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this "Agreement") is dated this _____ day of _____, 2024 by and among **Bonnie C. Mangan, Chapter 7 Trustee** (the "Trustee") of Integrity Graphics, Inc., **M&T Bank**, successor by merger to People's United Bank, NA ("M&T"), **GHP Media Inc.** ("GHP") and **Joseph Lavalla** ("Lavalla" and, together with M&T and GHP, the "Defendants").

**WHEREAS**, People's United Bank, NA ("PUB"), as lender, and Integrity Graphics, Inc. ("Integrity"), as borrower, were parties to certain loans (the "Loans") which were personally guaranteed by Lavalla;

**WHEREAS**, the Loans were secured by, among other things, a blanket senior security interest in essentially all of Integrity's personal property;

**WHEREAS**, on or about July 7, 2017, PUB conducted an Article 9 secured party sale (the "Secured Party Sale") by which it conveyed to GHP the personal property of Integrity which was subject to PUB's security interest;

**WHEREAS**, on or about October 3, 2017, an involuntary petition under Chapter 7 of Title 11 of the United States Bankruptcy Code was filed against Integrity in the U.S. Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"), Case No. 17-21513 (the "Bankruptcy") in which Bonnie C. Mangan was appointed Chapter 7 Trustee;

**WHEREAS**, on or about October 31, 2019, the Trustee commenced an adversary proceeding against PUB, GHP and Lavalla in the Bankruptcy Court, Adv. Proc. No. 19-02027 (the "Adversary Proceeding"), in which she alleged, among other things, that the Secured Party Sale constituted an intentional and constructive fraudulent transfer and violated the Uniform Commercial Code;

**WHEREAS,** M&T is the successor by merger to PUB;

**WHEREAS**, the Defendants deny the material allegations against them in the Adversary Proceeding and deny any wrongdoing or liability in connection with their conduct with respect to the facts and circumstances surrounding the Secured Party Sale or the Adversary Proceeding; and

**WHEREAS**, in order to avoid the expense and uncertainty of litigating the Adversary Proceeding, the parties wish to fully and finally resolve the disputes between and among them that are the subject of the Adversary Proceeding.

**NOW, THEREFORE**, in consideration of the promises and undertakings hereinafter set forth, the parties agree as follows:

1.    **Payment**.

178809v2/03003.169

a.     M&T agrees to pay $160,000 to the Trustee and the other Defendants, in the aggregate, agree to pay to $15,000 to the Trustee for a total sum of $175,000 (the "Settlement Payment").

b.     Cohn Birnbaum & Shea, P.C. ("CB&S") shall serve as escrow agent and shall collect the Settlement Payment from the Defendants and hold it in escrow pending satisfaction of the conditions set forth below.  The parties hereby agree to indemnify and hold CB&S harmless with respect to any actions taken as escrow agent in accordance with its obligations under this Agreement, except in the case of gross negligence or willful misconduct.

c.     The Settlement Payment shall be sent by CB&S by one or more wires sent or checks made payable to the Shufrin Law Group, LLC as counsel for the Trustee.

d.     The Settlement Payment shall be sent within thirty (30) days following the later of (i) the execution and delivery of this Agreement by all parties, (ii) CB&S's receipt of the full Settlement Payment, (iii) the receipt by the Defendants of signed Form W-9s from the Shufrin Law Group, LLC and the Trustee, and (iv) the date on which an order of the Bankruptcy Court approving this settlement becomes final and non-appealable.

2.     **Dismissal of the Adversary Proceeding.**

a.     Promptly upon the Trustee's receipt of the Settlement Payment, the parties shall enter into and the Trustee shall file a stipulation of dismissal in the form attached hereto as **Exhibit A** dismissing the Adversary Proceeding with prejudice and without costs.

b.     Each party shall bear its own costs in connection with the dismissal of the Adversary Proceeding.  Each party hereby irrevocably authorizes and directs its attorneys of record to execute and deliver to the Bankruptcy Court such stipulations, motions, requests and proposed orders in suitable form together with such additional documents as may be necessary to effectuate the dismissal of the Adversary Proceeding as set forth in Section 2(a), all such documents to be filed with the Bankruptcy Court promptly following the Trustee's receipt of the Settlement Payment.

3.     **Releases.**  In consideration of the releases contained herein, and for other good and valuable consideration, the receipt of which is acknowledged by each of the parties hereto, the parties promise, agree and release as follows:

a.     **Trustee Release.**  The Trustee, on behalf of the bankruptcy estate of Integrity and its successors, assigns, and representatives, agrees to and hereby releases, remises and forever discharges each of the Defendants, their predecessors (including People's United Bank, N.A.), successors, assigns and each of their current or former officers, directors, agents and employees, of and from all manner of actions, causes of action, debts, damages, judgments and obligations, of any nature, known or unknown, that it has or may have, and that are asserted in, arising out of, or based upon any one or more of the following:  (a) the Secured Party Sale, (b) the Bankruptcy, (c) the Adversary Proceeding, (d) the facts and circumstances surrounding

225155v9

- 2 -

the Adversary Proceeding and (e) any claims that arise from the same nucleus of operative facts as those alleged in any complaint in the Adversary Proceeding, except as to such rights or claims as may be created by this Agreement.

The Trustee affirms and understands that (i) the statutes of limitations relating to avoidance actions in connection with the Bankruptcy and any other potential claims or causes of action which arise from the Secured Party Sale or the same nucleus of operative facts as those alleged in any complaint in the Adversary Proceeding have expired, (ii) the Trustee has no further claims relating to any of the foregoing and (iii) the damages alleged to have been suffered or debts incurred in connection with the subject matter of the Adversary Proceeding shall be deemed fully satisfied by the parties performance under this Settlement Agreement.

b.    **Defendants Release of Trustee.**  In consideration of the Trustee's release and the dismissal of the Adversary Proceeding with prejudice, the Defendants, on their own behalf and on behalf of their predecessors (including People's United Bank, N.A.), successors, assigns and each of their current or former officers, directors, agents and employees, hereby do, knowingly and voluntarily, release and forever discharge the Trustee, the bankruptcy estate of Integrity, and its successors, assigns and representatives of and from all manner of action and actions, cause and causes of action, debts, damages, judgments and obligations, of any nature, known or unknown, which they have or may have and that are asserted in, arising out of or based upon any one or more of the following: (a) the Secured Party Sale, (b) the Bankruptcy, (c) the Adversary Proceeding, (d) the facts and circumstances surrounding the Adversary Proceeding, and (e) any claims that arise from the same nucleus of operative facts as those alleged in any complaint in the Adversary Proceeding, except as to such rights or claims as may be created by this Agreement.  The Defendants further waive any right they may have to assert a claim under 11 USC § 502(h).

c.    **Defendants Mutual Release**.  M&T, GHP and Lavalla on their own behalf and on behalf of their predecessors (including People's United Bank, N.A.), successors, assigns and each of their current or former officers, directors, agents and employees, hereby do, knowingly and voluntarily, release and forever discharge each other, and their predecessors (including People's United Bank, N.A.), successors, assigns and each of their current or former officers, directors, agents and employees, of and from all manner of action, causes of action, debts, damages, judgments and obligations, of any nature, known or unknown, that they have or may have, arising out of or based upon any one or more of the following: (a) the Secured Party Sale, (b) the Bankruptcy, (c) the Adversary Proceeding, (d) the facts and circumstances surrounding the Adversary Proceeding, and (e) any claims that arise from the same nucleus of operative facts as those alleged in any complaint in the Adversary Proceeding, except as to such rights or claims as may be created by this Agreement, provided, however, that any third party claims or rights of contribution or indemnity are preserved in the event that an action is brought against any Defendant or their predecessors (including People's United Bank, N.A.), successors, assigns or each of their current or former officers, directors, agents and employees arising out of or based upon any of the foregoing.

225155v9

d.      This Agreement and the releases herein do not apply to any separate and continuing contractual and/or equitable obligations as may currently exist between or among the parties hereto.

e.      **Third Parties Not Released**.  The releases herein shall not extend to claims against any party other than the parties identified in Section 3(a), (b) and (c).  For the avoidance of doubt, and aside from GHP's release of Lavalla, the releases herein shall not extend to claims by any party against:  (1) its own employee or former employee; or (2) any individual or entity who has allegedly acted together with or on behalf of any such employee or former employee.

**4.     Bona Fide Dispute.**  Bona fide disputes and controversies exist between the Trustee, on the one hand, and the Defendants, on the other hand.  All of said bona fide disputes and controversies involve both the fact and the extent of liability, if any, and as to the fact and extent of damages, if any, and by reason of such disputes and controversies, all of the parties desire to settle all the claims and causes of action as set forth in this Agreement.

**5.     Binding Effect**.  This Agreement shall be binding upon and inure to the benefit of all parties identified herein and their respective predecessors, successors and assigns.

**6.     Non-Assignment of Claims**.  The parties each represent and warrant that they are the owner and holder of and have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations, judgment or causes of action referred to in this Agreement, connected to this Agreement, or released by this Agreement.

**7.     Severability.**  If any term, covenant, condition or provision hereof is unlawful, invalid, rescinded or unenforceable for any reason whatsoever, including, but not limited to, the provisions of this Agreement, and such illegality, invalidity, rescission or unenforceability does not affect the remaining parts of this Agreement, then all such remaining parts hereof shall be valid and enforceable and have full force and effect as if the invalid or unenforceable part had not been included.  Furthermore, if this Agreement is found to unenforceable as to any party or other person or entity, such unenforceability shall not affect the binding nature and enforceability of this Agreement, including the releases herein, on any other party or person or entity.

**8.     Rights Cumulative; Waivers.**  The rights of the parties under this Agreement are cumulative and may be exercised as often as any party considers appropriate under the terms and conditions specifically set forth.  Any failure to exercise or any delay in exercising any such rights shall not operate as a waiver or modification of that or any other such right.  Any defective or partial exercise of any of such rights shall not preclude any other or further exercise of that or any other such right.  No act or course of conduct or verbal negotiation on the part of any party shall in any way preclude such party from exercising any such right or constitute a suspension, waiver or modification of any such right.

**9.     Further Assurances.**  The parties hereto shall at all times, without further consideration, promptly do and perform all acts and things reasonably necessary or appropriate to effectuate this Agreement and/or all other documentation in connection herewith.

225155v9

**10.    Headings.** The headings of the Sections contained in this Agreement are inserted for convenience only and shall not affect the meaning or interpretation of this Agreement or any provision hereof.

**11.    Governing Law; Venue.** The parties agree that this Agreement shall be deemed to have been entered into in the State of Connecticut, that any question as to the validity, construction, interpretation or performance of this Agreement shall be governed by the laws of the State of Connecticut, without regard to the conflict of laws' provisions of such state and that any and all actions or proceedings which may arise, directly or indirectly, from this Agreement or from its breach or non-performance shall be litigated only in the Bankruptcy Court which retains jurisdiction to enforce the terms of this Agreement.

**12.    Entire Agreement.** This Agreement sets forth the entire agreement and understanding of the parties with respect to the matters set forth herein and supersedes all prior written and all prior and contemporaneous oral agreements and understandings between the parties hereto with respect to matters set forth herein. Each party has made such investigation of the facts pertaining to this settlement and the Agreement and of all the matters pertaining thereto as they deem necessary.

**13.    Modifications.** This Agreement may not be amended, modified, changed, waived, discharged or terminated orally, but only by an instrument in writing signed by all parties to this Agreement and approved by the Bankruptcy Court.

**14.    Construction.** The parties hereto stipulate and agree that all parties and their respective counsel have had input into the final executed version of this Agreement and the documents executed in connection herewith, and that the fact that this Agreement may have been primarily drafted by one party or the other is done for the purpose of convenience and not for the purpose of construction. As such, the terms of this Agreement or any provisions hereof, if any dispute shall arise, shall not be construed against the party who may have drafted this Agreement or any provisions hereof.

**15.    Attorneys' Fees and Costs.** Except as set forth herein, each party bears the responsibility for his or its attorneys' fees and costs relating to this settlement, including the negotiation of the settlement and preparation of this Agreement. In the event of litigation relating to this Agreement, the prevailing party shall be entitled to attorneys' fees.

**16.    Counterparts and Electronic Copies.** This Agreement may be executed in counterparts, and each counterpart shall have the same force and effect as an original and shall constitute an effective, binding agreement on the part of each of the undersigned. The parties to this Agreement further agree that facsimile or electronic copies of signatures or this Agreement shall be considered to be the equivalent to originals.

**17.    Authorization.** M&T represents and warrants that the person executing this Agreement on its behalf is fully authorized to do so, and that such person has the authority to bind it, and all who may claim through it, to the terms and conditions set forth in this Agreement

225155v9

- 5 -

and the transactions contemplated hereunder do not contravene or result in breach of any agreement to which it may be bound or affected and do not violate any law, rule or regulation to which it is subject. GHP represents and warrants that the person executing this Agreement on its behalf is fully authorized to do so, and that such person has the authority to bind it, and all who may claim through it, to the terms and conditions set forth in this Agreement and the transactions contemplated hereunder do not contravene or result in breach of any agreement to which it may be bound or affected and do not violate any law, rule or regulation to which it is subject. Lavalla represents and warrants that he is of legal majority, has not been deemed incompetent, and is fully capable of executing this Agreement and of being bound by its terms and conditions and that the execution of this Agreement and the transactions contemplated hereunder do not contravene or result in breach of any agreement to which he may be bound or affected and do not violate any law, rule or regulation to which he is subject. The Trustee represents and warrants that she is of legal majority, has not been deemed incompetent, and is fully capable of executing this Agreement and of causing the bankruptcy estate of Integrity to be bound by its terms and conditions and that the execution of this Agreement and the transactions contemplated hereunder do not contravene or result in breach of any agreement to which the bankruptcy estate of Integrity may be bound or affected and do not violate any law, rule or regulation to which the bankruptcy estate of Integrity is subject, so long as this Agreement has been approved by the Bankruptcy Court.

      **18.**   <u>**No Admission/ Effect of Settlement on Allegations.**</u> This Agreement is the result of negotiations undertaken by the parties in an effort to compromise and settle various matters to avoid the expense and uncertainties of litigation. This Agreement represents a compromise of disputed claims. This Agreement is not, and shall not be construed as, an admission of liability or damages. This Agreement is not, and shall not be construed as, an admission of any facts, nor is it an admission of the allegations in any complaint or any other pleading, nor is it an admission of the validity or invalidity of any claim. None of the Parties make any admission by entering into this Agreement.

      **19.**     **THE PARTIES HEREBY IRREVOCABLY WAIVE ALL RIGHT TO A TRIAL BY JURY IN ANY PROCEEDING HEREAFTER INSTITUTED BY OR AGAINST EITHER OF THEM IN RESPECT OF THIS AGREEMENT.**

<em>(Signature Page(s) Follow)</em>

IN WITNESS WHEREOF, the parties hereto have executed this agreement as of the day and year first above written.

**M&T BANK**

By: _____
    Name:
    Its:

**GHP Media Inc.**

By: _____
    Name: Jon P. Newt
    Its: Counsel

_____
**Joseph Lavalla**

_____
**Bonnie C. Mangan**, Chapter 7 Trustee of Integrity Graphics, Inc.

*(Signature page to Settlement Agreement and Release)*

225155v9

- 7 -

IN WITNESS WHEREOF, the parties hereto have executed this agreement as of the day and year first above written.

**M&T BANK**

By: _____

Name:

Its:

**GHP Media Inc.**

By: _____

Name:

Its:

_____

Joseph Lavalla

_____

**Bonnie C. Mangan**, Chapter 7 Trustee of Integrity Graphics, Inc.

*(Signature page to Settlement Agreement and Release)*

IN WITNESS WHEREOF, the parties hereto have executed this agreement as of the day and year first above written.

**M&T BANK**

By: _____

Name:    ROBERT L. MASSARO

Its:      SVP

**GHP Media Inc.**

By: _____

Name: _____

Its: _____

_____

**Joseph Lavalla**

_____

**Bonnie C. Mangan**, Chapter 7 Trustee of Integrity Graphics, Inc.

*(Signature page to Settlement Agreement and Release)*

225155v9

- 7 -

**EXHIBIT A**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| INTEGRITY GRAPHICS, INC., | : | Bankruptcy Case No. 17-21513 (JJT) |
| | : | |
| Debtor. | : | |
| ———————————————— | : | |
| | : | |
| BONNIE MANGAN, TRUSTEE, | : | |
| | : | |
| Plaintiff, | : | Adversary Proceeding No. 19-02027 (JJT) |
| | : | |
| V. | : | |
| | : | |
| PEOPLE'S UNITED BANK, N.A., et al., | : | |
| | : | |
| Defendants. | : | |

### STIPULATION DISMISSING ADVERSARY PROCEEDING

Bonnie C. Mangan, Chapter 7 Trustee (the "Trustee") of Integrity Graphics, Inc.,

M&T Bank, successor by merger to People's United Bank, NA ("M&T"), GHP Media Inc.

("GHP") and Joseph Lavalla ("Lavalla" and, together with the Trustee, M&T and GHP,

the "Parties"), pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), applicable herein by reason of

Fed. R. Bankr. P. 7041, hereby stipulate and agree to the dismissal of all claims in the

above-captioned adversary proceeding.

The Trustee agrees to waive any and all rights to have any decision of this Court

in the Adversary Proceeding reconsidered, reargued or appealed.

This stipulation of dismissal is with prejudice and without costs to any party.

225155v9

Dated: _____       M&T BANK, successor by merger to
                                    People's United Bank, NA

                                    By: _____
                                    Nicholas P. Vegliante
                                    COHN BIRNBAUM & SHEA P.C.
                                    CityPlace II, 15th Floor
                                    185 Asylum Street
                                    Hartford, CT 06103
                                    Tel. 860-493-2200
                                    Fax. 860-727-0361
                                    nvegliante@cbshealaw.com

Dated: _____       GHP Media Inc.

                                    By: _____
                                    Jon P. Newton
                                    Reid and Riege, P.C.
                                    One Financial Plaza
                                    Hartford, CT 06103
                                    Tel. 860-240-1090
                                    Fax. 860-240-1002
                                    jnewton@reidandriege.com

Dated: _____           JOSEPH LAVALLA

                                    By: _____
                                    Jon P. Newton
                                    Reid and Riege, P.C.
                                    One Financial Plaza
                                    Hartford, CT 06103
                                    Tel. 860-240-1090
                                    Fax. 860-240-1002
                                    jnewton@reidandriege.com

225155v9

Dated: _____          BONNIE C. MANGAN, Chapter 7 Trustee
                                    for Integrity Graphics Inc.


                                    By: _____ ____
                                    David C. Shufrin
                                    Shufrin Law Group, LLC
                                    21 Frelma Drive
                                    Trumbull, CT 06510
                                    Tel. 203-307-5001
                                    david@shufrinlaw.com

225155v9

## CERTIFICATE OF SERVICE

I hereby certify that on the __ day of _____ 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____

David Shufrin

225155v9